UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICKA BAKI,

    Plaintiff,

Case No. 10-12560

v.

Hon. John Corbett O'Meara

NATIONAL CITY BANK, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court is Defendants' motion for summary judgment, filed July 6, 2011. Plaintiff filed a response on August 5, 2011; no reply was filed. The court did not hear oral argument. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND FACTS

On April 6, 2007, Plaintiff Fredricka Baki went to a National City Bank branch in Lincoln Park, Michigan. She tripped and fell on the sidewalk outside the bank, injuring herself. It is not clear from her testimony what cased her to trip, although it appears from photographs that the sidewalk alongside the bank is raised higher than the parking lot. "All I remember was the bank was closed at the time. We went on the sidewalk, and the sidewalk was up high, and I tripped and I fell." Baki Dep. at 5.

Plaintiff filed this action in Wayne County Circuit Court on April 5, 2010; Defendants (various incarnations of National City) removed the case on June 29, 2010. Plaintiff asserts a claim of premises liability against Defendants, who have moved for summary judgment.

**LAW AND ANALYSIS**

Defendants contend that Plaintiff cannot prevail on her premises liability claim because the uneven surfaces were "open and obvious" dangers, thus precluding Plaintiff's recovery. See Lugo v. Ameritech Corp., Inc., 464 Mich. 512, 629 N.W.2d 384 (2001). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. However, this duty does not generally encompass removal of open and obvious dangers." Lugo, 629 N.W.2d at 386 (citation omitted). "The test to determine if a danger is open and obvious is whether 'an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection.' Because the test is objective, this Court 'look[s] not to whether plaintiff should have known that the [condition] was hazardous, but to whether a reasonable person in his position would foresee the danger.'" Joyce v. Rubin, 249 Mich. App. 241, 642 N.W.2d 360, 364 (2002) (citations omitted).

Here, photographs of the area in the record reveal that the uneven surface is visible upon casual inspection. Plaintiff states that the danger was not open and obvious because the area was camouflaged by shadows cast by nearby trees. See Pl.'s Br. at 6. First, despite her claim to the contrary, Plaintiff did not testify anywhere in her deposition that she could not see the uneven pavement due to shadows. See Baki Dep. at 1-14 (entire deposition). Therefore, her claim is factually unsupported. Second, based upon Plaintiff's photographs, the uneven pavement is visible even when a shadow is cast over the area. In light of the record, the court finds the condition to be open and obvious.

Even if a condition is open and obvious, a premises owner could be liable if "special

aspects" of the condition creates an unreasonable risk of harm.  See Lugo, 629 N.W.2d at 387-88.  The Michigan Supreme Court has provided the following examples:

> An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable. Similarly, an open and obvious condition might be unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm. To use another example, consider an unguarded thirty foot deep pit in the middle of a parking lot. The condition might well be open and obvious, and one would likely be capable of avoiding the danger. Nevertheless, this situation would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous to maintain the condition, at least absent reasonable warnings or other remedial measures being taken.  In sum, only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine.

Id.  "However, typical open and obvious dangers (such as ordinary potholes in a parking lot) do not give rise to these special aspects." Id. at 388.

Here, the uneven pavement is a typical open and obvious danger, with no "special aspects" that created an unreasonably dangerous condition.  Accordingly, the court will grant summary judgment in favor of Defendants.

**ORDER**

IT IS HEREBY ORDERED that Defendants' July 6, 2011 motion for summary judgment is GRANTED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  September 13, 2011

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 13, 2011, using the ECF system.

                                             <u>s/William Barkholz</u>

                                             Case Manager